UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS E. MAREE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1759 (RCL) |
| | ) | |
| ANTHONY WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter, brought under 42 U.S.C. § 1983, is before the Court on the motion to dismiss of Defendants Mayor Williams, Odie Washington, and Barbara Hart ("District of Columbia defendants") and the motion to vacate and to dismiss of Defendant Corrections Corporation of America ("CCA defendants").[1]  Upon consideration of the parties' submissions and the entire record, the Court will grant the District of Columbia defendants' motion and deny the CCA defendants' motion.

I.  FACTUAL BACKGROUND

The complaint stems from a prison grievance proceeding on August 20, 2004, at the CCA-run Correctional Treatment Facility in the District of Columbia.  In his amended complaint

---

[1]  CCA's motion is brought on behalf of the entity and the following individual defendants: Warden Fred Figueroa, Assistant Warden Denise King, Joyce Allen, Captain Johnson, Sergeant Proctor, and Sergeant Smallwood.

[Doc. No. 11],[2] plaintiff alleges that during the proceeding, he was told that he was out of order and eventually ended up in solitary confinement where he was served with a disciplinary charge of "Creating a Disturbance, Lack of Cooperation, and Disrespect." Amended Complaint at 1. Following a hearing on August 23, 2004 before Sgt. Smallwood, plaintiff was found guilty of disrespect. *Id*. at 2. Plaintiff appealed the decision "thru Sgt. Smallwood, the Warden, DOC Contract Monitor [Barbara Hart] and through the inmate grievance procedure." *Id*. Ms. Hart denied plaintiff's appeal. *Id*.

Plaintiff alleges that as a result of filing an appeal, on August 24, 2004, he "was approached . . . by Sgt. Smallwood, who stated: I don't care about you writ[]ing, you are stuc[k] with what I gave you. She gave me 14 days in solitary confinement, which [was] 7 days longer than the offense carry." *Id*. He alleges that on September 19, 2004, "Sgt. Proctor came in my cell and threatened to spray me with mace with [sic] I did not sign a grievance that I submitted. He called a code and I was threatened by the Captain." *Id*. On September 23, 2004, he was "physically assaulted by Sgt. Evans and was denied medical treatment for (2) weeks." *Id*. Plaintiff alleges that he was sexually harassed by "Officer Mathews." She wrote (2) [disciplinary reports] on me after I began to complain in writ[]ng. I was placed in solitary confinement. On Oct. 26, 04, I was transfer[r]ed to the DC Jail." *Id*. In general, plaintiff appears to allege that CCA employees harassed and retaliated against him for exercising his First Amendment right of redress.

---

[2] It appears that a second amended complaint [Doc. No. 15] was erroneously docketed. It was not accompanied by a motion; thus, plaintiff was not granted leave to file the document as required. *See* Fed. R. Civ. P. 15(a). Moreover, it appears to be a duplicate of the amended complaint. The second amended complaint will be stricken from the docket.

II  DISCUSSION

1.  District of Columbia Defendants' Motion

The District of Columbia officials-- Mayor Williams, Department of Corrections ("DOC") Director Odie Washington, and DOC Contract Monitor Barbara Hart– seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted only if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  In ruling on a motion to dismiss for failure to state a claim, the Court must assume the alleged facts to be true and draw all inferences in the plaintiff's favor.  *See Green v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999); *Shear v. National Rifle Association*, 606 F.2d 1251, 1253 (D.C. Cir. 1979).

To survive a motion to dismiss in a § 1983 action, plaintiff must show the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law.  42 U.S.C. § 1983.  A municipality may be liable under the statute if it is shown that the municipality was the "moving force" behind the constitutional violation by way of an unconstitutional policy, practice, or custom promulgated or sanctioned by the municipality.  *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (*quoting Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 , 694 (1978)); *accord Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (1997).

Defendants assert that the complaint fails to implicate them personally in the alleged wrongdoing.  Indeed, the complaint does not mention Williams and Washington and mentions Hart only as the individual who denied plaintiff's grievance appeal.  Defendants also assert that

3

the complaint fails to provide any basis for imposing liability on the District of Columbia. Plaintiff has not opposed these arguments, which on review of the complaint, are amply supported. Pursuant to the Order of January 3, 2005, the Court finds that plaintiff has conceded the District of Columbia defendants' motion and will grant it accordingly.

  2. <u>Corrections Corporation of America Defendants' Motion</u>

  The CCA defendants move pursuant to 28 U.S.C. § 1915(g) to vacate plaintiff's *in forma pauperis* status and to dismiss the case. Under that statute, a prisoner may not proceed *in forma pauperis* if he

> has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Defendants have attached to their motion two of three cases satisfying the so-called three-strikes provision. *See* Def.'s Ex. A and B. The dismissal of *Maree-Bey v. District of Columbia*, Civ. Action No. 00-991 (D.D.C., Sept. 8, 2000), Def.'s Ex. C, is based on the pleading requirements of Fed. R. Civ. P. 8. The three-strikes language is specific and unambiguous. It does not include a Rule 8 dismissal. The Court therefore will deny the CCA defendants' motion to vacate and dismiss. A separate Order accompanies this Memorandum Opinion.

        _____s/s_____
        Royce C. Lamberth
Date: July 29, 2005      United States District Judge