UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS E. MAREE-BEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1759 (RCL) |
| ANTHONY WILLIAMS, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

This matter, brought under 42 U.S.C. § 1983, is before the Court on the motion to dismiss or for summary judgment of Defendant Corrections Corporation of America ("CCA defendants").[1] Upon consideration of the parties' submissions and the entire record, the Court will grant the motion for summary judgment.[2]

I. FACTUAL BACKGROUND

The complaint stems from a prison grievance proceeding on August 20, 2004, at the CCA-run Correctional Treatment Facility in the District of Columbia. In his amended complaint [Dkt. No. 11], plaintiff alleges that during the proceeding, he was told that he was out of order

---

[1]  CCA's motion is brought on behalf of the entity and the following individual defendants: Warden Fred Figueroa, Assistant Warden Denise King, Joyce Allen, Captain Johnson, Sergeant Proctor, and Sergeant Smallwood. The claims against the District of Columbia defendants were dismissed by Order of August 1, 2005.

[2]  The Court is relying on matters beyond the pleadings and therefore will analyze the case under the summary judgment standards set forth at Fed. R. Civ. P. 56, about which plaintiff was advised by Order of August 25, 2005.

and eventually ended up in solitary confinement where he was served with a disciplinary charge of "Creating a Disturbance, Lack of Cooperation, and Disrespect." Amended Complaint at 1[3]. Following a disciplinary hearing on August 23, 2004, before Sgt. Smallwood, plaintiff was found guilty of disrespect. *Id*. at 2. Plaintiff allegedly appealed the decision "thru Sgt. Smallwood, the Warden, DOC Contract Monitor [Barbara Hart] and through the inmate grievance procedure." *Id*. Ms. Hart denied plaintiff's appeal. *Id*.

Plaintiff alleges that as a result of filing an appeal, on August 24, 2004, he "was approached . . . by Sgt. Smallwood, who stated: I don't care about you writ[]ing, you are stuc[k] with what I gave you. She gave me 14 days in solitary confinement, which [was] 7 days longer than the offense carry." *Id*. He alleges that on September 19, 2004, "Sgt. Proctor came in my cell and threatened to spray me with mace with [sic] I did not sign a grievance that I submitted. He called a code and I was threatened by the Captain." *Id*. On September 23, 2004, he was "physically assaulted by Sgt. Evans and was denied medical treatment for (2) weeks." *Id*. Plaintiff alleges that he was sexually harassed by "Ofc. Mathews. She wrote (2) [disciplinary reports] on me after I began to complain in writ[]ng. I was placed in solitary confinement. On Oct. 26, 04, I was transfer[r]ed to the DC Jail." *Id*. In general, plaintiff appears to allege that CCA employees harassed and retaliated against him for exercising his First Amendment right of redress.

---

[3] On January 14, 2005, the Court construed plaintiff's submission as a supplemental complaint and authorized its filing. The supplemental complaint [Dkt. No. 22] presents no new claims but rather reiterates the allegations of the amended complaint but with supporting attachments. It therefore is read in conjunction with the amended complaint.

II  DISCUSSION

Based upon the dismissal of the complaint against the District of Columbia defendants for failure to state a claim, defendants have renewed their motion pursuant to 28 U.S.C. § 1915(g) to vacate plaintiff's *in forma pauperis* status and to dismiss the case.  That statute, however, bars a prisoner from proceeding *in forma pauperis* if he

> has, on *3 or more prior occasions*, while incarcerated . . . *brought an action* or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(emphasis added).  Under the plain language of the statute, the dismissal of a claim in a pending action cannot possibly trigger the so-called three-strikes bar.  Defendants' motion to dismiss on this ground is denied.

Defendants assert that the complaint should be dismissed because plaintiff has not exhausted his administrative remedies by completing CTF's four-step grievance process.  *See* Def.'s Ex. A, Declaration of Joyce Allen ¶ 4.  The Prison Litigation Reform Act of 1995 requires prisoners to exhaust administrative remedies before bringing a civil action arising from prison conditions.  42 U.S.C. § 1997e (a).  *Booth v. Churner*, 121 S.Ct. 1819, 1825 (2001); *see also Porter v. Nussle*, 122 S.Ct. 983, 992 (2002) ("the [Prison Litigation Reform Act's] exhaustion requirement applies to all inmate suits about prison life. . . .").

According to Ms. Allen, the applicable grievance process requires the submission of the grievance first to the Grievance Officer.  If the inmate is unsatisfied with the response, he "may appeal to the Warden (Step Two) . . . to the District of Columbia Department of Corrections' Contract Monitor (Step Three) . . . [and] directly to the Director of the District of Columbia Department of Corrections (Step Four) . . . An inmate who does not proceed through all four levels has not exhausted his administrative remedies."  Allen Decl. ¶¶ 4-5.  Under the separate procedures for appealing disciplinary hearing decisions, the inmate "may appeal a decision of a

Disciplinary Officer to the Warden within fifteen (15) working days of receiving a decision . . . An inmate has the right to assert or waive an appeal by indicating his preference and signing his name on Form 15-101B." *Id*. ¶ 8.

Plaintiff waived his right to appeal the disciplinary hearing decision. Def.'s Ex. E; *see also* Supp. Complt. Attachment 4 (Contract Monitor Hart acknowledging plaintiff's waiver). Plaintiff, citing to Def's Ex. D, disputes defendants' assertion that he did not complete the grievance process. Pl's Opp. [Dkt. No. # 35] at 1. Exhibit D contains plaintiff's grievances with respect to appealing the disciplinary hearing decision, a right he waived. "Filing grievances is an improper way of perfecting an appeal of a disciplinary hearing decision." Allen Decl. ¶ 10. In addition, plaintiff has attached to the supplemental complaint nine grievance forms. He disputes defendants' factual assertion that those grievances "do not include any grievances relating to his purported claims against . . . Allen, Sergeant Proctor, or the unidentified individual who allegedly deprived Plaintiff of medical treatment." Defendants' Statement of Material Facts as to Which There is No Genuine Issue ¶ 11. His own attachments, however, support defendants' claim and belie plaintiff's claim of exhaustion. Even if the grievance forms include events forming the basis of this action, plaintiff has presented no evidence of having completed steps 2-4 of the grievance process. He therefore has failed to exhaust his administrative remedies.

For the preceding reasons, the Court finds no genuine issue of material fact arising from plaintiff's failure to exhaust administrative remedies. Defendants therefore are entitled to judgment as a matter of law. A separate Order dismissing the case in its entirety accompanies this Memorandum Opinion.

                                                _____s/s_____
                                                Royce C. Lamberth
                                                United States District Judge

Date: February 24, 2006